IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA BIRGE,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>NEBRASKA MEDICINE,<br>NEBRASKA EQUAL OPPORTUNITY<br>COMMISSION, et; and  US EQUAL<br>OPPORTUNITY COMMISSION,<br><br>　　　　　　　Defendants. | 8:16CV551<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　　Plaintiff filed her Complaint on December 16, 2016. (Filing No. 1.) She has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  BACKGROUND

　　　　Plaintiff was terminated from her position at The Nebraska Medical Center on February 8, 2016, after working there for a little over four months. (Filing No. 1 at CM/ECF pp. 12-13.) She filed a charge of discrimination against The Nebraska Medical Center with the Nebraska Equal Opportunity Commission ("NEOC"), alleging that she was discriminated against on the basis of her race and disability and retaliated against due to her request for accommodation. (*Id*.) On June 28, 2016, the NEOC found no reasonable cause and dismissed Plaintiff's charge. (*Id*. at CM/ECF pp. 14-15.) It specifically found, "The evidence shows that due to performance issues, Respondent disciplined and ultimately discharged Complainant. There is no evidence to show any action taken was due to a discriminatory reason." (*Id*.) Plaintiff's charge was referred to the U.S. Equal

Employment Opportunity Commission ("EEOC"), which adopted the findings of the NEOC. (*Id*. at CM/ECF p. 10.) The EEOC mailed a right-to-sue letter to Plaintiff at the address on her current Complaint on September 13, 2016. (*Id*.)

On December 16, 2016, Plaintiff filed her Complaint against four defendants: The Nebraska Medical Center, Patrick J. Barrett, the attorney for The Nebraska Medical Center, the NEOC, and the EEOC. (*Id*. at CM/ECF p. 2.) She alleges claims under Title VII of the Civil Rights Act of 1964, the American Disabilities Act ("ADA"), and the Nebraska Fair Employment Practices Act ("NFEPA"), Neb. Rev. Stat. § 48-1101 *et seq*. (*Id*. at CM/ECF pp. 3, 7.) Plaintiff alleges that the NEOC and EEOC inadequately investigated her claims. (*Id*. at CM/ECF p. 7.) Liberally construed, she also alleges claims of defamation. (*Id*. at CM/ECF pp. 7-8.) Plaintiff seeks monetary damages and asks that employees at The Nebraska Medical Center "be estopped from providing negative, false, and hurtful gossip . . ." that is making it difficult for her to find employment and is an "attempt to blacklist [her] out of this career." (*Id*. at CM/ECF pp. 6, 8.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

**A. NFEPA Claims**

The NFEPA makes it unlawful for an employer to discriminate based on "race, color, religion, sex, disability, marital status, or national origin" or because an employee "opposed any practice or refused to carry out any action unlawful under federal law or the laws of this state." Neb. Rev. Stat. §§ 48-1104 and 48-1114. A written charge of violation of the NFEPA shall be filed within 300 days after the occurrence of the alleged unlawful employment practice. § 48-1118(2). There is no statute of limitations during the NEOC's proceedings. *Adams v. Tenneco Auto. Operating Co.*, 358 F. Supp. 2d 878, 880 (D. Neb. 2005). But any suit following a determination by the NEOC must be filed within 90 days. *See* § 48-1120.01.

In *Hohn v. BNSF Railway*, the Eighth Circuit held that a claim filed more than 90 days after an NEOC determination should have been dismissed. 707 F.3d 995, 1000-01 (8th Cir. 2013). The plaintiff in that case had filed an employment

3

discrimination charge with the NEOC which was closed by August 4, 2005, and a charge with the EEOC which resulted in a right-to-sue letter dated September 21. *Id*. at 999. The plaintiff filed suit in federal district court within 90 days of the EEOC's right-to-sue letter, but more than 90 days after the NEOC's final determination. *Id*. The Eighth Circuit held that the plaintiff's NFEPA claim was untimely because it was not filed within 90 days of the NEOC's determination. *Id*. at 1001.

Plaintiff's Complaint was filed 171 days after the date of the NEOC notice. Accordingly, Plaintiff's NFEPA claims must be dismissed.

## B. Title VII and ADA Claims

Plaintiff's Title VII and ADA claims are also time-barred. *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (applying the 90-day statute of limitations to ADA claims); *Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1054 (8th Cir. 2002) (affirming the dismissal of Title VII claims as untimely because they were filed more than 90 days after the issuance of the right-to-sue letter).

The EEOC right-to-sue letter was mailed to Plaintiff on Tuesday, September 13, 2016. It is presumed that "a properly mailed document is received by the addressee." *Davis v. U.S. Bancorp*, 383 F.3d 761, 766 (8th Cir. 2004). The document is presumed received three days after mailing. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1 (1984) (citing Fed. R. Civ. P. 6(e) and finding that a notice of right-to-sue issued on January 27 was presumed to have been received January 30). It is presumed, then, that Plaintiff received the letter on September 16, 2016. So, the final day of the limitations period was Thursday, December 15, 2016. Plaintiff filed her Complaint on December 16, 2016, one day late.

The ninety-day limitations period is subject to equitable tolling. *See Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). However, Plaintiff's allegations defeat any tolling of the limitations period. She alleges that she was aware in September 2016 of the EEOC decision. (Filing No. 1 at CM/ECF p. 7.) She then filed a complaint with the Office of the Inspector General instead of in federal court. (*Id.*) Plaintiff alleges that, on December 15, 2016, she spoke with an agent at the Office of the Inspector General, who informed her that she would call her the following week, but Plaintiff knew that "her deadline is too close and [she] must file before [she] . . . lost the right to file in federal court." (*Id.*) "Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands." *See Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir. 1990). Plaintiff's allegations show that she was aware of the filing deadline and chose to pursue another avenue of relief first. Accordingly, Plaintiff's Title VII and ADA claims must be dismissed.

## C. EEOC Claim

Liberally construed, Plaintiff may be attempting to assert a claim against the EEOC under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). In *Bivens*, the United States Supreme Court established that a victim of a constitutional violation by a federal agent has a right to recover damages against the official in federal court despite the absence of any statute conferring such a right. 403 U.S. 388. However, a *Bivens* claims cannot be asserted directly against the EEOC, an agency of the United States. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (stating *Bivens* action for damages is not actionable directly against agencies of the United States).[1] Additionally, "no cause of action against the EEOC

---

[1] In her Complaint, Plaintiff names the EEOC as Defendant No. 4 and lists "Joseph J. Wilson, State and Local Program Manager" as the "Job or Title" of Defendant No. 4. (Filing No. 1 at CM/ECF p. 2.) The court presumes that, if he is considered a named defendant, Wilson is sued in his official capacity because

exists for challenges to its processing of a claim." *Scheerer v. Rose State Coll.*, 950 F.2d 661, 663 (10th Cir. 1991) (quotation marks omitted); *see, e.g., Jordan v. Summers*, 205 F.3d 337, 342 (7th Cir. 2000); *Baba v. Japan Travel Bureau Int'l, Inc.*, 111 F.3d 2, 6 (2d Cir. 1997) (per curiam). Plaintiff's claim against the EEOC must be dismissed.

**D.  NEOC Claim**

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., id.*; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981).

Plaintiff seeks solely monetary relief against the NEOC, a state agency. Her claim against the NEOC is therefore barred by the Eleventh Amendment and must be dismissed.[2]

---

Plaintiff did not specify the capacity in which he is sued. *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (stating that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). Such a claim is also barred by sovereign immunity. *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (concluding complaint against government official in official capacity is suit against United States; *Bivens* action cannot be prosecuted against United States because of sovereign immunity).

[2] To the extent that Plaintiff alleges a claim against Valerie Kimble, the NEOC officer who handled her charge of discrimination, (*See* Filing No. 1 at

### E. State-Law Defamation Claims

Plaintiff may also have state-law defamation claims. The court will dismiss the state law claims without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Plaintiff's state-law defamation claims are dismissed without prejudice to reassertion in the proper forum. Plaintiff's remaining claims are dismissed with prejudice.

2. A separate judgment will issue in accordance with this memorandum and order.

Dated this 27th day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

CM/ECF p. 7), the court likewise assumes that she is sued in her official capacity, and the claim is barred by sovereign immunity.